U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 2 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Alan Jackson | DOCKET NO. 1:05 CV 1413 |
| | SECTION P |
| VS. | JUDGE Little |
| Richard Stalder, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, by pro se Plaintiff, Alan Jackson ("Plaintiff"). Plaintiff is currently confined at the Winn Correctional Center in Winnfield, Louisiana. Plaintiff was granted permission to proceed in forma pauperis on August 19, 2005. [Rec. Doc. 3].

### Statement of Facts

Plaintiff asserts his First Amendment Right under the United States Constitution was violated when he attempted to exercise this right by way of the ARP system. Moreover, as a result of his attempt to exercise this right, he alleges defendants retaliated against him on several occasions because of " a lawsuit he helped his aunt file on behalf of his uncle." Additionally, the Plaintiff alleges he received inadequate medical care, he was subjected to cruel and unusual punishment, and wants good time restored to him.

**SCREENING**

Plaintiff is proceeding *in forma pauperis* in this action,

thus, his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

**RETALIATION**

To state a claim for retaliation under §§ 1983, a prisoner must demonstrate (1) the invocation of a constitutional right; (2) a defendant's intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act; and (4) causation; *i.e.*, but for the retaliatory motive, the complained-of incident would not have occurred. Johnson v. Rodriguez, 110 F.3d

299, 310 (5th Cir.1997). The prisoner must "produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred."' Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995) (quoting Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988). Thus, a prisoner must demonstrate more than his "mere personal belief" that he was the victim of retaliation. Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999). Furthermore, trial courts should carefully scrutinize claims of disciplinary charges filed in retaliation "[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them." Woods v. Smith, 60 F.3d at 1166. Plaintiff has offered no direct evidence to show that the defendants acted with a retaliatory motive. Plaintiff's conclusory allegations, unsupported by fact and implausible should be dismissed as frivolous.

**ACCESS TO COURTS**

An inmate has a First Amendment right to file grievances against prison officials on his own behalf. See Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir.1996). This right is protected, however, only if the underlying claim is not frivolous. See Lewis v. Casey, 518 U.S. 343, 353 n. 3 (1996) ("Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.") Furthermore, inmates generally have no constitutional right under

the First or Fourteenth Amendments to an effective grievance procedure. It is well settled that inmates do not have a constitutionally protected right to a grievance procedure. Because Plaintiff has not alleged the deprivation of a substantive right, there is no merit to his claims concerning the alleged loss or failure of defendants to respond to his grievance. See, e.g., Jones v. North Carolina Prisoners Labor Union, 97 S.C.t 2532, 2544 (1977)(Burger, J., concurring)(applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are "constitutionally mandated"); Adams v. Rice, 40 F.3d 72, 75 (4th cir.1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993)("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."); Flick v. Alba, 932 F.2d 729, 729 (8th Cir.1991)(per curiam)(concluding that federal regulations providing for an administrative remedy procedure in the Bureau of Prisons "do not in and of themselves create a liberty interest in access to that procedure"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (holding that state prisoners have "no legitimate claim of entitlement to a grievance procedure" and therefore no liberty interest protected by due process), cert. denied, 488 U.S. 898

(1988). See Wilcox v. Johnson, 85 F.3d 630, 1996 WL 253868 at *1 (6th Cir. May 13, 1996)(table, text in Westlaw); Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994); Buckley v. Barrow, 997 F.2d 494, 495 (8th Cir.1993).

**Inadequate Medical Care**

To state a claim under 42 U.S.C.§ 1983, a plaintiff must: (1)allege a violation of a right secured by the Constitution or the laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under the color of state law. Randolph v. Cervantes 130 F.3d 727 (5th Cir. 1997); Pitrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995). Accordingly, to succeed further than the initial screening stage Plaintiff must demonstrate that the named defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by their actions, as well as demonstrate that the deprivation was committed by a person acting under the color of state law.

In order to state a valid § 1983 claim for relief for denial of adequate medical treatment, a prisoner must allege the official(s) acted with **deliberate indifference to his serious medical needs.** Wilson v. Seiter, 501 U.S. 294, 303, 115 L. Ed. 2d 271, 111 S. Ct. 2321 (1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the

prison official, perceiving this risk, must deliberately fail to act. Farmer v. Brennan, 511 U.S. 825, 837, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care. Estelle v. Gamble, 429 U.S. 97, 104-05, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976). Facts underlying a claim of deliberate indifference must clearly evince the medical need in question and the alleged official dereliction. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985) (*citing*, Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981)). The legal conclusion of deliberate indifference, therefore, must rest on facts clearly evincing wanton actions on the part of the defendants. Johnson, 759 F.2d at 1238. Similarly, a showing of deliberate indifference requires both knowledge and disregard of a significant risk of harm. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir. 2001).

However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, Estelle, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). An inmate's disagreement with the kind of medical treatment that he has received is insufficient as a matter of law to state an Eighth Amendment violation. Norton v. Dimanazana, 122 F. 3d 286, 291 (5th

Cir. 1997); Young v. Gray, 560 F.2d 201 (5th Cir. 1977). Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. Varnado, 920 F.2d at 321. As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. See Youngberg v. Romeo, 457 U.S. 307, 322- 23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982).

Plaintiff has not demonstrated how any of the named defendants acted with wanton disregard for his serious medical condition. Plaintiff does not allege a violation of a right secured by the Constitution or the laws of the United States. Accordingly, Plaintiff's claim is without merit and is recommended dismissed pursuant for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

## II. EIGHTH AMENDMENT (Condition of Confinement Claim)

The Constitution does not mandate incarcerated persons be housed in comfortable prisons, however, the Eighth Amendment's prohibition against cruel and unusual punishment does require prisoners be afforded "humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Encompassed within the notion of "humane conditions of confinement," are assurances that prisoners will receive adequate food, shelter, clothing and medical care, and that prison officials will "take reasonable measures to guarantee the safety of the

inmates." Farmer, 511 U.S. at 832(quoting, Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)).

In order to state a claim under the Eighth Amendment for unconstitutional conditions of confinement, the Plaintiff must satisfy both a subjective and objective component. The objective requirement necessitates that the inmate allege a sufficiently serious deprivation. Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 837, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). A prison official's culpable state of mind is measured by deliberate indifference which is defined as knowing and disregarding an excessive risk to inmate health or safety. Id. at 1979. Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997). Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a §1983 claim. Farmer, 114 S.Ct. at 1978.

Although a conditions of confinement claim must satisfy tests for both objective and subjective components, the subjective component need not be examined if the plaintiff does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities. Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir. 1998)

Here, the Plaintiff claims the defendants failed to repair his sink, making him have to buy water from the cell next door so he could brush his teeth. [ Doc.6 pg.4] Such deprivations are not so sufficiently serious as to deny Plaintiff the "minimal civilized measures of life's necessities." See, Farmer, 114 at 1977. Accordingly, the Court need not apply the subjective test as Plaintiff has not objectively demonstrated a sufficiently extreme deprivation of any minimal civilized measure of life's necessities and therefore, this claim should be dismissed as frivolous.

### Loss of Good Time

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. 2254. Challenges to conditions of confinement are brought pursuant to the Civil Rights Act , 42 U.S.C. 1983. A major reason for the distinction is that habeas corpus cases usually necessitate exhaustion of state remedies. Here,, the petitioner does not challenge his convictions; instead, he challenges the computation of his sentences. "An application for a writ of *habeas corpus* under §2254 is the proper method for a prisoner's challenge to the

calculation of his time credits." *Whitehead v. Johnson*, 157 F.3d 384, 385-86 n. 1 (5th Cir.1998) (citing *Clarke v. Stalder*, 154 F.3d 186, 193-94 (5th Cir.1998) (*en banc*))., 357 F.3d 535 (5th Circuit 2004). Thus, to the extent that plaintiff seeks to have his good time returned, he is advised that such relief is not available by way of a civil rights action.

Further, prisoners have no constitutional right to incarceration in a particular institution. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-48 (1983); <u>Meachum</u>, 427 U.S. 224. A prisoner's liberty interests are sufficiently extinguished by his or her conviction that a state may generally confine or transfer him or her to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530 (9th Cir.1985).

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _December_____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE