# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| ALAN JACKSON | CIVIL ACTION NO. 05-1413 |
| -vs- | |
| RICHARD STALDER, ET AL. | JUDGE LITTLE |

## JUDGMENT

Before the court is a report and recommendation of the magistrate [Doc. #8] suggesting that the civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Alan Jackson ("Jackson") be dismissed with prejudice. Jackson timely filed objections to the magistrate's report on 16 February 2006 [#13] after receiving leave of court on 20 December 2005 [#10] and 20 January 2006 [#12].[1] After full record review, this court adopts in part and declines to adopt in part the report and recommendation of the magistrate, for the reasons stated below.

Jackson alleges inadequate medical treatment by the prison staff at Winn Correctional Center relating to painful knots on his arms, legs and groin area. Am. Compl. ¶¶ 6, 9. With respect to these claims of inadequate medical treatment, this court declines to adopt the

---

[1] This court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate. See 28 U.S.C. § 636(b)(1); LR 74.1W(B); United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). The district court is not, however, required to reiterate the findings and conclusions of the magistrate if found to be correct. See Warren v. Miles, 230 F.3d 688, 694-95 (5th Cir. 2000); Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

recommendation of the magistrate. Jackson has articulated sufficient detail about these incidents to raise a genuine issue of material fact regarding his medical treatment. Jackson alleges that he repeatedly made medical personnel aware of his condition to no avail. See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985) (noting that "the facts underlying a claim of 'deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction."). As such, these claims are not dismissed at this stage of the litigation.

With respect to all claims other than those relating to the treatment of the knots on the plaintiff's arm, legs and groin area, however, this court adopts the recommendation of the magistrate. All other claims, therefore, are DISMISSED WITH PREJUDICE.

Alexandria, Louisiana

6 April 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE